(Reap. Dec. 10375)

REEDY FORWARDING COMPANY, INC. *v.* UNITED STATES

Entry No. M–4951.

(Decided November 26, 1962)

*Barnes, Richardson & Colburn* for the plaintiff.
*Joseph D. Guilfoyle*, Acting Assistant Attorney General, for the defendant.

JOHNSON, Judge: This appeal for reappraisement has been submitted upon the following stipulation of counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the Court, as follows:

1. That the merchandise the subject of this appeal was entered or withdrawn from warehouse for consumption after the effective date of the Customs Simplification Act of 1956, and is not identified on the Final List published by the Secretary of the Treasury in pursuance thereto (T.D. 54521).

2. On or about the date of exportation of the involved merchandise, the prices in the principal markets of the country of exportation at which such or similar merchandise was freely sold for exportation to the United States, in the usual wholesale quantities and in the ordinary course of trade, such prices including the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States were equal to the invoice unit values plus the freight charges from the factory to Czechoslovakian border at $0.11 per carton.

3. The above-entitled appeal may be submitted upon this stipulation, the same being limited to the merchandise and issues described hereinabove and abandoned in all other respects.

On the agreed facts, I find that the export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 70 Stat. 943, is the proper basis for the determination of the value of the chinaware involved herein and that such values are the invoice unit values, plus the freight charges from the factory to the Czechoslovakian border at $0.11 per carton.

Judgment will be rendered accordingly.